UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOVANES JOHN ASHIKYAN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SHANNON R. CLOVER,<br><br>　　　　　Respondent. | CASE NO. CV 10-4286-RGK (PJW)<br><br>ORDER TO SHOW CAUSE WHY PETITION<br>SHOULD NOT BE DISMISSED |

　　　On June 10, 2010, Petitioner filed a Petition for Writ of Habeas Corpus, seeking to challenge his 2008 state court conviction for assault with a deadly weapon. (Petition at 2.) In the Petition, he claims that he received ineffective assistance of counsel. (Petition at 5-6.)

　　　As a matter of comity between state and federal courts, a federal court generally will not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies, i.e., sought state court review of every ground presented in the petition by presenting it to the highest state court. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Indeed, the law governing habeas petitions provides that a habeas petition brought by a person in state custody *cannot be granted* "unless it appears that--(A) the applicant

has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999). A district court may raise a failure to exhaust *sua sponte*. *Stone v. San Francisco,* 968 F.2d 850, 856 (9th Cir. 1992.)

In his Petition, Petitioner has checked the box indicating that he has not raised his claims of ineffective assistance of counsel in a petition for review or in a habeas petition in the California Supreme Court. (*See* Petition at 5-6.) He states that he did not raise these claims simply because he was unaware of the requirements to do so. (Petition at 7.) Thus, it appears that the Petition is completely unexhausted and is subject to dismissal on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Petitioner must first present his claims to the state supreme court, either through direct appeal or in a petition for habeas corpus, and have that court decide them on their merits before he can proceed in this Court.

1    IT IS THEREFORE ORDERED that, no later than July 12, 2010,
2 Petitioner shall inform the Court in writing why this case should not
3 be dismissed for failure to exhaust.  Failure to timely file a
4 response will result in a recommendation that this case be dismissed
5 without prejudice to refiling once he has exhausted his claims.

7    DATED:    June 15, 2010

                                    /s/ Patrick J. Walsh
                                    _____
                                    PATRICK J. WALSH
                                    UNITED STATES MAGISTRATE JUDGE

28 S:\PJW\Cases-State Habeas\ASHIKYAN, H 4286\OSC dismiss pet.wpd